Case No. 14-4765

# UNITED STATES COURT OF APPEALS
# FOR THE THIRD CIRCUIT

BANK OF AMERICA, N.A., successor in interest to MERRILL LYNCH CREDIT CORPORATION, by and through its servicer and attorney-in-fact, PHH MORTGAGE CORPORATION,

    Plaintiff-Appellee,

v.

KIRBY WESTHEIMER,

    Defendant-Appellant.

**On Appeal From the Final Judgment and Orders of the United States District Court For the District of New Jersey, Case No. 12-cv-07080-JAP**

**REPLY BRIEF OF DEFENDANT-APPELLANT, KIRBY WESTHEIMER**

    LUM, DRASCO & POSITAN LLC
    103 Eisenhower Parkway
    Roseland, New Jersey 07068-1049
    (973) 403-9000
    Attorney for Defendant-Appellant, Kirby Westheimer

516097_1

# TABLE OF CONTENTS

**PAGE**

TABLE OF CITATIONS ................................................................................. ii
PRELIMINARY STATEMENT ..................................................................... 1
LEGAL ARGUMENT ..................................................................................... 2
POINT I ............................................................................................................. 2

    DISMISSAL OF WESTHEIMER'S COUNTER-CLAIM WAS ERRONEOUS BECAUSE A FIDUCIARY DUTY SHOULD HAVE BEEN IMPOSED ON THE LENDER. ............................................ 2

POINT II ............................................................................................................ 7

    THE DISTRICT COURT ERRED IN GRANTING SUMMARY JUDGMENT BECAUSE THERE ARE ISSUES OF MATERIAL FACTS .......................................................................................................... 7

CONCLUSION ................................................................................................. 9
COMBINED CERTIFICATION OF COMPLIANCE ................................. 10

# TABLE OF CITATIONS

**PAGE**

**Cases**

United Jersey Bank v. Kensey, 306 N.J.Super. 540, 555 (App.Div. 1997) ......... 2, 3

**Statutes**

Fed.R.Evid 801(d)(2) .................................................................................................5

## **PRELIMINARY STATEMENT**

Defendant-Appellant, Kirby Westheimer ("Westheimer" or "Defendant") submits this Reply Brief in response to the brief submitted by Plaintiff-Appellee, Bank of America, N.A. successor in interest to Merrill Lynch credit corporation, by and through its services and attorney-in-fact, PHH Mortgage Corporation "Plaintiff").

Plaintiff's argument in its brief boils down to this – we can do whatever we want. No matter how incompetent or grossly negligent our inspectors acted, and despite the assurances given by our representatives that construction was proceeding fine, we get off scot free because we have the ability to include anticipatory exculpatory language in the construction loan documents. Thus, we can mislead the borrower without consequence. Surely, this is not the result that fairness and equity will abide.

516097_1

# LEGAL ARGUMENT

## POINT I

### DISMISSAL OF WESTHEIMER'S COUNTER-CLAIM WAS ERRONEOUS BECAUSE A FIDUCIARY DUTY SHOULD HAVE BEEN IMPOSED ON THE LENDER.

At the outset, it is important to again note that Plaintiff's dispositive motion was brought before <u>any</u> discovery was conducted. Thus, Westheimer never had the opportunity to examine Plaintiff's records regarding the deficient inspections and develop factual information as to the nature of the inspections and representations to Westheimer contained in Plaintiff's records.

In its brief, BOA takes the position that it had no fiduciary duty to Westheimer to perform its inspections of the Project competently and to accurately inform its borrower that those inspections showed the Project was way behind schedule and much of the work was defective or incomplete. (See Pb14-Pb24). While the relationship between a bank and its borrower does not ordinarily create a fiduciary duty, New Jersey law recognizes that under certain circumstances such a duty can arise.

In <u>United Jersey Bank v. Kensey</u>, 306 <u>N.J.Super</u>. 540, 555 (App.Div. 1997), the Court recognized that a fiduciary duty claim against the lender may arise in "special circumstances." This requires a fact-specific inquiry because "[f]iduciary relationships implied in law are premised upon the specific factual situation

516097_1

surrounding the transaction and the relationship of the parties." Kinsey, supra, 306 N.J.Super. at 553. Courts have found special circumstances to exist warranting the imposition of a fiduciary duty upon the lender in cases of "egregious breaches of the lender's duty of good faith and fair dealing . . . ." Id. at 557.

In the instant case, contrary to Plaintiff's assertion (see Pb18-Pb19), there was egregious conduct by Plaintiff that would support a claim for breach of fiduciary duty. Under the inspection regime required by Plaintiff, in theory Plaintiff's inspectors would actually inspect the Project and would authorize release of the loan proceeds only to the extent the inspections demonstrated that the work had been completed. We now know that this did not happen. The Deficiency Report prepared by Westheimer's expert (A-178) demonstrates, quite starkly, that Plaintiff's inspectors never really performed the inspections they represented to have occurred as a prerequisite to releasing loan proceeds. The sheer volume of defects documented in the Deficiency Report demonstrate that Plaintiff's inspectors were utterly incompetent and the release of loan proceeds based on these utterly deficient inspections was, at best, reckless.

Indeed, it is Westheimer's position that these "inspections" conducted in this regard was egregious. This is especially true in view of the representations made by Plaintiff's representative. Westheimer's Power-of-Attorney, Myra

516097_1

-3-

DiDonato, had communications with Plaintiff relating to Plaintiff's inspections of the progress of construction required as a precondition to disbursing loan proceeds. (A-166, ¶5). As Ms. DiDonato stated:

> Specifically, I had several conversations with Matthew Seaman a "Construction Draw Specialist" who worked at MLCC's Mortgage Services Department in Jacksonville, Florida, concerning the Project and the inspections performed by MLCC's inspectors. During these discussions, he assured me that everything was "fine" with the Project and the inspections were "looking good." At no time did Mr. Seaman, or any other representative of the Plaintiff, advise that the inspections had revealed substantial problems with the Project in terms of the incomplete or defective work.

(A-166, ¶6).

Quite obviously, these discussion with Plaintiff's Construction Draw Specialist would have occurred during the course of construction. Contrary to Plaintiff's argument (see Pb21) these are not "vague allegations." Rather, these are representations during the course of performance that the inspections had been conducted and showed that the Project was progressing appropriate. Why else would he use the language that everything was "fine" with the Project and "looking good"? Certainly everything was not "fine" nor "looking good" and Plaintiff would have known that if its inspectors had not utterly failed to conduct proper inspections.

With regard to these specific representations, Plaintiff's assertion that such statements constitutes "hearsay" is misplaced (See PB27). A representative of Plaintiff, the Construction Draw Specialist's assurances constitute admissions and are not hearsay. Fed.R.Evid. 801(d)(2). Moreover, Plaintiff's attempt to impugn these statements by asserting that they were created for purposes of opposing summary judgment (Pb27) is a matter of credibility that is not properly resolved upon a motion to dismiss or motion for summary judgment.

Furthermore, Plaintiff's argument that Westheimer's claims and defenses are restricted by the Parol Evidence Rule are misplaced. (See Pb22). First, the Parol Evidence Rule would only apply to a breach of contract claim. Here, Westheimer is asserting an extra contractual claim based upon a fiduciary duty that should be imposed on Plaintiff. Further, the statements by the Plaintiff's Construction Draw Specialist that induced Wertheimer into believing the Project was "fine" and things were "looking good" were made after execution of the Construction Loan Agreement and are not antecedent representations subject to the Parol Evidence Rule.

In sum, Westheimer submits that there are special circumstances in this case that warrant the imposition of a fiduciary duty on Plaintiff. In view of the voluminous deficiencies documented, it is clear that Plaintiff's inspectors did not

516097_1

conduct proper inspections and the assertion that the project was "fine" and "looking good" was highly misleading. It is submitted that these constitute egregious conduct that should subject Plaintiff to liability for breach of fiduciary duty.

## POINT II

## THE DISTRICT COURT ERRED IN GRANTING SUMMARY JUDGMENT BECAUSE THERE ARE ISSUES OF MATERIAL FACTS

In its Brief, Plaintiff argues that there are no issues of material fact and it is entitled to Summary Judgment. (Pb24-28). This argument is based upon Plaintiff's position that it owed no duty to Westheimer regarding its inspections of the Project. However, as set forth above, Westheimer submits that Plaintiff's conduct crossed the line over to "egregious" conduct that would warrant imposition of a fiduciary duty on Plaintiff.

In this regard, the assurances by Plaintiff's Construction Draw Specialist create factual issues that preclude summary judgment. Whether these statements in the context of the totality of the facts arise to the level of egregious conduct is a factual issue and should not be disposed of on summary judgment.

Additionally, contrary to Plaintiff's argument, Westheimer does not seek to blame Plaintiff for the poor design/execution of his professionals on the Project. (See Pb28). Westheimer's position is that he was led down the proverbial "primrose path" by the Plaintiff and the assertion that the Project was "fine" and "looking good." Wertheimer does not seek to hold Plaintiff responsible for the conduct of his processionals rather seeks to hold Plaintiff responsible for its own breach of fiduciary duty. Wertheimer reasonably relied upon the assurances that

the Project was proceeding which presumably were made based on Plaintiff's inspections.

Had Plaintiff's representative accurately advised that the inspections revealed a Project rife with problems, including incomplete and defective work, Westheimer could have taken action at a much earlier juncture and "stopped the bleeding." However, he was deprived of that opportunity and Plaintiff's conduct can be fairly viewed as contributing to the default that Plaintiff has sought to take advantage of by foreclosing on the property.

In sum, it is submitted that Plaintiff was not entitled to judgment as a matter of law and there are material and factual issues that can be resolved only after the parties have had the opportunity to engage in discovery. Thus, the District Court erred in granting summary judgment in favor of Plaintiff.

## **CONCLUSION**

For all the forgoing reasons it is respectfully requested that the District Court's order granting Plaintiff's Motion to Dismiss the Counterclaim and granting Summary Judgment on the Complaint and Final Judgment of foreclosure be reversed and the matter remanded to the District Court.

                                    **LUM, DRASCO & POSITAN LLC**
                                    Attorney for Defendant-Appellant,
                                    Kirby Westheimer

                                    /s *Paul A. Sandars, III*_____
                                    PAUL A. SANDARS, III

DATED: June 10, 2015

## COMBINED CERTIFICATION OF COMPLIANCE

Kevin J. O'Connor, an Attorney-at-Law of the State of New Jersey and of full age, hereby certifies as follows:

1. The Reply Brief submitted in this matter on behalf of Defendant-Appellant, compiles with the page limitation of Fed.R.App.P. 32(a)(7)(A) because it contains no more than 15 pages; complies with the type-volume limitation of Rule 32(a)(7)(B)(ii) because it contains no more than 7,000 words; complies with Rule 32(a)(5)(A) because it uses a 14 point Times New Roman font; complies with Rule 32(a)(4) because it is double spaced, with the required margins on appropriate 8.5 by 11.0 inch paper.

2. The electronic version of Defendant's Reply Brief identical to the hard copy of said Brief. The electronic version of this Reply Brief was checked for computer viruses using McAfee Virus Scan Enterprise prior to transmittal.

3. Defendant's Reply Brief was filed electronically on June 10, 2015 with the Office of the Clerk, U.S. Court of Appeals for the Third Circuit, 21400 U.S. Courthouse, 601 Market Street, Philadelphia, PA 19106-1790.

4. Six (6) paper copies of Defendant's Reply Brief were submitted for filing with the Office of the Clerk via Federal Express on June 10, 2015 and two (2) copies of each were served on Jonathan P. Vuotto, Esq., counsel for Appellee.

516097_1

5.      I am a member in good standing of the Court of Appeals for the Third Circuit, having been admitted to practice before the Court in 1994.

I hereby certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

                                                     __/s/ Kevin J. O'Connor_____
                                                     KEVIN J. O'CONNOR

DATED: June 10, 2015